

Delaware County Office
20 West Third Street
P.O. Box 1670
Media, PA 19063
Voice 610.627.9777
Fax 610.627.9787

One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103
Voice 215.496.8282
Fax 215.496.0999

New Jersey Office
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
Voice 856.751.8383
Fax 856.751.0868

Montgomery County Office
120 Gibraltar Rd
Suite 218
Horsham, PA 19044
Voice 215.496.8282
Fax 215.754.4443

Jeffrey P. Goodman
Direct Dial 215-575-2970
JGoodman@smbb.com

September 7, 2022

**VIA .PDF EMAIL; Chambers_of_Judge_Paul_S_Diamond@paed.uscourts.gov**

Hon. Paul S. Diamond,
14614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> *Re:    Tawainna Anderson, et al. v. TikTok, Inc., et al.*
> *EDPA No. 2:22-cv-01849-PD*

Dear Judge Diamond:

As Your Honor is aware, this office represents Plaintiff in the above-referenced action. Pursuant to this Court's Standing Order (D.E. 6 at p. 3), Plaintiff writes this letter to bring an unresolved discovery dispute to the Court's attention.  On July 1, 2022, Plaintiff served Rule 34 Requests For Production ("RFPs") on counsel for Defendants.  *See* **Exhibit A**, Plaintiff's RFPs. During a meet and confer on August 3, 2022, Defendants' counsel informed Plaintiff's counsel that they did not intend to provide responses to Plaintiff's discovery request arguing they were not required to due so by virtue of their pending Motion to Dismiss (D.E. 12).  Plaintiff's counsel raised the discovery dispute to this Court via letter dated August 4, 2022.  On August 4, 2022, this Court ordered Defendants to "provide full and complete responses to [Plaintiff's] Requests for Production **no later than September 2, 2022.  Failure to comply with this Order may result in the imposition of sanctions, including the striking of defenses**." *See* D.E. 19 (emphasis in original).  Defendants have egregiously failed to comply with this Court's Order.

September 2, 2022 has come and gone and ***Defendants have failed to produce a single document***.  *See* **Exhibit B**, Defendants' Responses to Plaintiff's RFPs.  Instead, Defendants provided objections to all 59 Requests for Production propounded by Plaintiff.  In an odd attempt

Page 2
September 7, 2022

_____

to show defiance, Defendants elected to send these "responses" at 5:01pm on September 2, 2022, one minute after the deadline

These objections regurgitated the meritless (and already rejected) position that "Plaintiff's discovery requests are premature in light of Defendants' pending Motion to Dismiss" and Defendants object to each of Plaintiff's RFPs on this ground. *Id.* p. 2. Defendants continue to assert this stance despite the clear directives of this Court's Standing Order (D.E. 6 at p. 3) and this Court's August 4, 2022 Order (D.E. 19). Defendants further asserted that they were not producing documents because they required (1) a protective order and (2) an authorization and court order pursuant to the Stored Communications Act. Finally, defendants provided a variety of boilerplate objections based on the scope of the requests.

On September 6, 2022, the Parties met and conferred regarding Defendants' responses but were unable to resolve their disputes on the issues raised in this Letter. Notwithstanding the disputes outlined below, the Parties continue to work towards potential resolution on other related issues, such as an agreed upon Protective Order and ESI protocol, both of which Plaintiffs have been attempting to put in place for weeks but have been slowed by a lack of responsiveness from the Defendants.

Plaintiff now writes to this Court to request that: (1) Defendants' be ordered to provide full and complete responses to Plaintiff's RFPs, including all responsive documents within ten days; (2) Defendants' objections to the relevance and scope of the sought discovery be stricken; (3) the Court enter an order confirming that all discovery requests made by Plaintiff's counsel constitute sufficient consent under the Stored Communications Act ("SCA") (18 U.S.C. § 2702(a), (b)) to enable Defendants to provide responsive documents; (4) the Court order the Parties to file an agreed upon Protective Order on the docket by September 21, 2022; if agreement cannot be reached the Parties are to file their competing drafts of the Protective Order by that date with a concise summary of the areas of dispute, and the Protective Order ultimately entered will retroactively apply to any documents produced before the entry of the Protective Order and (5) Defendants be sanctioned for violating this Court's August 4, 2022 Order by striking the defenses raised in their Motion to Dismiss and denying said Motion (D.E. 12).

## I.    Defendants' general violation of this Court's August 4, 2022 Order.

Defendants made no effort to produce documents responsive to Plaintiff's RFPs in compliance with the Court's August 4, 2022 Order requiring Defendants to "full and complete responses". Indeed, Defendants objected to all 59 of Plaintiff's RFPs and did not produce even a single responsive document. In a number of the responses, Defendants stated that, "[s]ubject to the foregoing objections Defendants agree to conduct a reasonable search and produce" responsive documents. *See* **Ex. B** at Responses to RFP Nos. 6, 7, 8, 35, 36, 39, 49, 52, 57, and 58. Defendants

Page 3
September 7, 2022

_____

were required to *actually* conduct a search and *actually* produce documents responsive to Plaintiff's RFPs by September 2, 2022, not merely respond that they *would* conduct such a search. Defendants did not produce any responsive documents on September 2, 2022, and thus willfully violated this Court's August 4, 2022 Order. *See* D.E. 19.

Plaintiffs have never interpreted this Court's August 4, 2022 Order to preclude Defendants from asserting good faith objections to specific requests. However, good faith assertions to certain requests should have been accompanied by good faith responses to other requests. That did not occur. The lack of a production of a single document was an affront to the judicial process.

During the September 6, 2022 meet and confer, counsel for Defendants articulated that their interpretation of this Court's August 4, 2022 Order requiring "full and complete responses" only meant written responses and did not require the production of a single document or even searching for documents. Defendants' interpretation is completely inconsistent with the plain language of this Court's Order and with Fed. R. Civ. P. 34, which does not permit a party to respond to RFPs with mere written responses and instead specifies that Plaintiff may request Defendants "produce and permit the requesting party to inspect, copy, test, or sample…any designated documents or electronically stored information[.]" Fed.R.Civ.P. 34(a)(1)(A). The objections lodged by Defendants are no excuse for not producing *any* documents, as Rule 34 is crystal clear that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection[]" and that "[a]n objection to part of a request must specify the part *and permit inspection of the rest*." Fed.R.Civ.P. 34(b)(2)(C) (emphasis added). Defendants' interpretation of this Court's August 4, 2022 Order is incorrect and Plaintiff respectfully requests this Court confirm Defendants are required to produce responsive documents.

Defendants' responses also demonstrate that Defendants did not even begin to search for documents responsive to some RFPs because Defendants claim they require Plaintiff's consent under the SCA. *See* 18. U.S.C. § 2702(a), (b). *See* **Ex. B** at Response to Req. Nos. 1-8, 14, 16-22, and 38 (stating that, "following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce" documents). Plaintiff served her RFPs on July 1, 2022, and the Parties had their Rule 26 conference on August 3, 2022. Despite this, Defendants' September 2, 2022 responses to Plaintiff's RFPs was the first time Defendants ever raised the issue of SCA consent. While Plaintiff has no objection to providing the consent Defendants allegedly require, Plaintiff respectfully submits that Defendants waiting until the day they served responses to Plaintiff's RFPs was an intentional stall tactic purely designed to thwart the fair and efficient administration of justice. Plaintiff respectfully requests that this Court enter an order confirming that Plaintiff is deemed to provide consent sufficient under the SCA for Defendants to produce documents responsive to requests made by Plaintiff.

Page 4
September 7, 2022

_____

It is simply inconceivable that such sophisticated parties represented by esteemed counsel could interpret this Court's August 4, 2022 order that Defendants provide "full and complete responses" to Plaintiff's RFPs as not requiring the production of documents. Consistent with this Court's warning that "[f]ailure to comply with this Order may result in the imposition of sanctions, including the striking of defenses[,]" (D.E. 19), Plaintiff respectfully requests that this Court sanction Defendants by striking the defenses raised in their Motion to Dismiss (D.E. 12).

## II.    Defendants' objections to relevance should be stricken.

The Parties have a fundamental dispute over the proper scope of discovery in this case. At the outset of their responses, Defendants self-servingly defined "the relevant scope of discovery" as "information concerning TikTok account(s) that have been identified as registered to Nylah Anderson, including TikTok usernames Nyah123 and Nylah_123, and content relating to recreational self-asphyxiation or the "Blackout Challenge" from the time period between when Nylah Anderson registered for a TikTok account to December 7, 2021[.]" *See* **Ex. B** at p. 2. Defendants intentionally ignore the gravamen of Plaintiff's case—product lability claims centered on Defendants' TikTok app and associated algorithm(s). Defendants then use their self-defined and unreasonably narrow scope to object to many RFPs as not being relevant and stating that once Defendants conduct a search for responsive documents (which should have already occurred), they will produce those "relevant to the asserted claims (*See* Relevant Topics)." *Id.* at Responses to RFP Nos. 1, 2, 5, 14, 16-18, 20, 21, 39, 49, 52, and 58. Indeed, it appears that most of Defendants' relevance objections are premised on their refusal to acknowledge Plaintiff's product liability claims or perhaps their hope that such claims will be dismissed.

Defendants should not be permitted self-define what is relevant in this action, especially in such a way that ignores the crux of Plaintiff's claims. Plaintiff's product liability claims are apparent from even a cursory review of Plaintiff's Complaint, and the Parties have devoted considerable time to briefing the sufficiency of Plaintiff's allegations. Defendants cannot simply choose to ignore their obligation to produce discovery relevant to Plaintiff's product liability claims.

Plaintiff respectfully requests that this Court enter an order striking Defendants' objections to relevance and require production of all non-privileged responsive documents.

## III.    The Protective Order.

Accompanying Defendants' responses to Plaintiff's RFPs was an overly onerous draft Protective Order. Plaintiff first requested the draft Protective Order during the Parties August 3, 2022 Rule 26 Conference in anticipation of Defendants' eventual responses to Plaintiff's RFPs.

Page 5
September 7, 2022

_____

Despite this, Defendants did not provide a draft Protective Order to Plaintiff's counsel until a few hours after Defendants produced their RFP responses.

Plaintiff intends to work in good faith with counsel for Defendants to reach an agreed upon Protective Order. However, the fact that a Protective Order is not currently entered should not prevent Defendants from producing documents responsive to Plaintiff's RFPs consistent with this Court's August 4, 2022 Order. Plaintiff's counsel has provided written assurance to counsel for Defendants that any documents produced prior to the entry of a Protective Order will be treated as confidential and that the Protective Order ultimately entered would retroactively apply to any such documents. The lack of a Protective Order should not delay Defendants' compliance with this Court's August 4, 2022 Order and production of responsive documents where the delay is due solely to Defendants' delay.

Plaintiff respectfully requests that this Court enter an Order requiring production of documents responsive to Plaintiff's RFPs notwithstanding the absence of a Protective Order. Plaintiff further respectfully requests this Court order the Parties to file an agreed upon Protective Order on the docket by September 21, 2022; if agreement cannot be reached the Parties are to file their competing drafts of the Protective Order by that date with a concise summary of the areas of dispute, and the Protective Order ultimately entered will retroactively apply to any documents produced before the entry of the Protective Order.

Thank you for Your Honor's attention to this matter. I am available at any day this week or next week (except September 16, 2022 due to an existing attachment out of town) should Your Honor elect to schedule a hearing or telephone conference on this matter.

Respectfully submitted,

_____
Jeffrey P. Goodman, Esq.

Enclosures
cc: All Counsel via e-mail

# EXHIBIT "A"

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor**<br><br>    Plaintiff,<br><br>  **v.**<br><br>**TIKTOK, INC. AND BYTEDANCE, INC.**<br><br>    Defendants | Civil Action No. 2:22-cv-01849-PD |

### PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANTS, TIKTOK, INC. AND BYTEDANCE, INC.

Plaintiff, by and through her attorneys, hereby propounds the following Requests for Production of Documents ("Requests" pursuant to Federal Rule of Civil Procedure 34) to Defendants, TikTok, Inc. and ByteDance, Inc. (hereinafter referred to as the "TikTok Defendants" collectively).  Accordingly, please produce all Documents listed below to Plaintiff's counsel within thirty days after the service of these Requests.

### DEFINITIONS

As used in these Requests, the words and terms set forth below are defined as follows:

1.    "Documents" shall mean "documents," "electronically stored information," and "tangible things" as those terms are used in Federal Rule of Civil Procedure 34 and shall include all emails, text messages, social media posts and all electronic information/documentation in the custody and control of answering party's agents.

2.    "The App" shall mean the TikTok Defendants' popular TikTok mobile application as described in Plaintiff's Complaint.

3.      "FYP" shall mean the For You Page of the TikTok Defendants' App.

4.      "Blackout Challenge" shall mean any challenge-style video disseminated on the TikTok Defendants' App which depicts the subject(s) of the video asphyxiating themselves by any means and/or which encourages other users to do so or shows other users how to do so.

## **REQUESTS**

1.      All documents related to any TikTok account(s) registered to and/or used by Nylah Anderson or TikTok username Nylah123 or Nylah_123.

2.      All documents related to any TikTok account(s) registered to, used by, and/or associated with the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

3.      Documents reflecting all videos shown or appearing on the FYP for Nylah Anderson or TikTok username Nylah123 or Nylah_123.

4.      Documents reflecting all videos shown or appearing on the FYP for any TikTok account(s) registered to, used by, and/or associated with the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

5.      Documents concerning any and all data and/or information collected from or pertaining to Nylah Anderson, TikTok username Nylah123 or Nylah_123, and/or the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

6.      All End-User Licensing Agreements in effect at the time any and all data and/or information was collected from or pertaining to Nylah Anderson, TikTok username Nylah123 or Nylah_123, and/or the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

7.      The End-User Licensing Agreement in effect at the time any TikTok account(s)

used by and/or associated with the following cell phone numbers were registered: (484) 362-5274; (610) 800-3647; (484) 362-5275.

8.     The End-User Licensing Agreement in effect at the time TikTok accounts were created and/or registered for Nylah Anderson and/or TikTok usernames Nylah123 or Nylah_123.

9.     Documents identifying all data and/or information obtained from users by the TikTok Defendants and/or The App during subscription, enrollment, and account creation.

10.     All documents identifying the tools and/or services used to extract data and information from the TikTok platform into data analysis tools.

11.     The TikTok Defendants' content delivery network ("CDN"), network architecture diagram, and/or documents related to the TikTok Defendants' content distribution architecture for The App.

12.     All documents related to or reflecting terminologies and/or definitions used by the TikTok Defendants and/or The App for its architectural platform and/or code.

13.     All documents identifying, describing, or related to all application programming interfaces ("APIs") to other social media applications for The App.

14.     All data and information collected by The App and/or the TikTok Defendants from other social media applications pertaining to Nylah Anderson.

15.     Documents reflecting all data and/or information the TikTok Defendants and/or The App shares with other social media applications or platforms.

16.     Documents identifying engagement statistics utilized by the TikTok Defendants' data analysts, data scientists, marketing departments and/or sales departments.

17.     Documents identifying or relating to the procedures used by the TikTok Defendants and/or The App to validate information or data obtained during user subscription and/or enrollment

during account creation.

18.    Documents identifying or relating to the procedures used by the TikTok Defendants and/or The App to validate the information or data originally obtained during user subscription and/or enrollment, during account use to ensure the continued validity of said information or data.

19.    All documents that describe and/or relate to how personalized content is delivered to each user's FYP.

20.    All documents that describe and/or relate to how personalized content is delivered to each user with and without search initiation.

21.    Documents identifying or relating to all fields and/or data elements collected associated with user demographic information.

22.    Documents identifying or relating to all fields and/or data elements collected on user interest characteristics.

23.    Documents identifying all licensed and proprietary tools used by the TikTok Defendants' data scientists and/or data professionals and/or marketing analysts.

24.    All user behavior algorithms utilized by the TikTok Defendants and/or The App in effect prior to December 8, 2021, or documents reflecting, describing, or related to same.

25.     All marketing algorithms and/or analyses utilized by the TikTok Defendants and/or The App in effect prior to December 8, 2021, or documents reflecting, describing, or related to same.

26.    All recommendation algorithms utilized by the TikTok Defendants and/or The App in effect prior to December 8, 2021 which play any role in recommending or sending videos to users without search initiation.

27.    Any global algorithms used to construct any type of hierarchical interest label set

based on the theme of contents, and calculated based on the relevant degree of each interest label in the set.

28.    All documents identifying and/or describing any and all distinct algorithms utilized by the TikTok Defendants and/or The App which in any way utilize or rely upon data and information obtained from the user.

29.    Documents identifying, describing, and/or relating to all tools, software, code, and/or algorithms used by the TikTok Defendants and/or The App to analyze and/or categorize the visual elements of videos uploaded by users, including but not limited to all computer vision technology.

30.    Documents identifying, describing, and/or relating to all tools, software, code, and/or algorithms used by the TikTok Defendants and/or The App to analyze, categorize, or create a transcript of the audio in videos uploaded by users.

31.    Documents identifying, describing, and/or relating to all tools, software, code, and/or algorithms used by the TikTok Defendants and/or The App to analyze and/or categorize the meta data associated with videos uploaded by users.

32.    All audience prediction algorithms and/or any algorithm used by the TikTok Defendants and/or The App to predict or decide target audience demographics for videos uploaded by users based upon the content of said video.

33.    Documents identifying all algorithms used by the TikTok Defendants and/or The App which are in any way involved in determining which videos appear on a user's FYP.

34.    All algorithm content flowcharts.

35.    All documents discussing, describing, or related to any type of performance rating or rating assigned to videos uploaded by users, including but not limited to those involving ratings

related to rewatch rate, completion rate, shares, comments, and/or likes.

36.    All performance ratings or scores assigned to all videos uploaded and/or viewed by Nylah Anderson, TikTok username Nylah123 or Nylah_123, and/or the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

37.    All documents discussing, describing, or relating to any type of recommendation ranking system or algorithm utilized by the TikTok Defendants and/or The App.

38.    Documents identifying the data and/or information collected from users during each use of The App.

39.    All documents related to any type of automated age verification tools or systems used by the TikTok Defendants and/or The App which are applied to or used in conjunction with videos uploaded by users.

40.    Documents describing or relating to any analysis the TikTok Defendants perform on their algorithm outputs for purposes of improving said algorithms and/or analyzing market strengths.

41.    All documents related to any performance evaluation or review process pertaining to The App and/or its associated algorithms.

42.    All documents related to the frequency at which the performance of The App and/or its associated algorithms is reviewed and/or evaluated.

43.    The metrics by which the TikTok Defendants review and/or evaluate The App and/or its associated algorithms.

44.    All internal performance evaluation or review reports pertaining to The App and/or its associated algorithms.

45.    All documents regarding or related to the ability or inability of the TikTok

Defendants and/or The App to automatically remove videos deemed to be dangerous, unsafe, or otherwise contain inappropriate or illegal content.

46.    All documents related to any performance review or evaluation pertaining to the TikTok Defendants' and/or The App's automatic removal of any videos deemed to be dangerous, unsafe, or otherwise contain inappropriate or illegal content.

47.    All documents identifying any and all data points collected, used, and/or considered by The App and its associated algorithms when determining the content to show users on their FYP.

48.    All documents concerning or related to any type of facial recognition system or technology used by the TikTok Defendants and/or the App, including but not limited to those that identify any such system or technology, how it works, and/or the purpose of its use by or with The App.

49.    All documents, communications, notes, meeting minutes, or memoranda discussing or referencing videos involving asphyxiation of self or others, by any means, being disseminated and/or spreading on The App prior to December 8, 2021.

50.    All policies, procedures, and/or protocols regarding any type of system by which videos on The App are automatically removed from The App.

51.    All policies, procedures, and/or protocols regarding any type of system by which warnings or caution statements are added to users' videos by the TikTok Defendants or any automated system or algorithm associated with The App.

52.    All documents, communications, notes, memoranda, policies, procedures, and/or protocols regarding the classification of videos on The App as dangerous, unsafe, or anything similar.

53.     All policies, procedures, and/or protocols regarding content moderation on The App.

54.     All content moderation algorithms used by or associated with The App.

55.     Documents reflecting or describing the total number of employees, workers, and/or agents performing content moderation functions for The App from September 1, 2017 through December 7, 2021.

56.     All documents related the circumstances under which any content moderator(s) must remove content from The App.

57.     All documents, correspondence, memoranda, brochures, marketing materials, and/or notes stating or describing the proper and improper use or intended use of The App authored by or originating from the TikTok Defendants.

58.      All warnings provided to users of The App from September 1, 2017 through December 7, 2021 through The App or any other source.

59.     Copies of all United States and International patents related to the TikTok App and its associated algorithms.


Dated: July 1, 2022                    */s/ Robert J. Mongeluzzi*
                                       Robert J. Mongeluzzi
                                       Jeffrey P. Goodman
                                       Samuel B. Dordick
                                       Rayna McCarthy
                                       **SALTZ MONGELUZZI & BENDESKY P.C.**
                                       One Liberty Place
                                       1650 Market Street, 52nd Floor
                                       Philadelphia, Pennsylvania 19103
                                       Tel: (215) 496-8282
                                       rmongeluzzi@smbb.com
                                       jgoodman@smbb.com
                                       sdordick@smbb.com
                                       rmccarthy@smbb.com

Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Western Reserve
Law Building
Mentor, OH 44060
Tel: (440) 953-8888
madicello@dicellolevitt.com
***Counsel for Plaintiff***

# EXHIBIT "B"

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **TAWAINNA ANDERSON, Individually and as Administratrix of the ESTATE OF NYLAH ANDERSON, a deceased minor** | |
| Plaintiff, | |
| **v.** | Civil Action No. 2:22-cv-01849-PD |
| **TIKTOK INC. AND BYTEDANCE, INC.** | |
| Defendants | |

### DEFENDANTS TIKTOK INC.'S AND BYTEDANCE INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Pennsylvania, and any applicable Discovery Orders[1] in the above-captioned matter, Defendants TikTok Inc. ("TTI") and ByteDance Inc. ("BDI"[2], collectively "Defendants") hereby serve the following responses and objections to Plaintiff's Requests for Production of Documents:

### PRELIMINARY  STATEMENT

Defendants and their attorneys' factual investigation and preparation for trial is ongoing. These responses are made in good faith based on a reasonable and diligent inquiry and based on information presently available to Defendants.

Nothing in Defendants' responses is intended to waive or otherwise contradict their position on the pending Motion to Dismiss and related request to stay discovery. *See* ECF Nos.

---

[1] "Discovery Orders" as used herein references any order entered by the Court in this action which addresses document production, confidentiality, or privilege.
[2] Although BDI is also named as a Defendant, the Complaint pleads no facts specific to BDI.

12, 20. Specifically, the Court lacks personal jurisdiction over Defendants, and Section 230 of the federal Communications Decency Act ("CDA") bars Plaintiff's claims. Therefore, Defendants object generally to the discovery propounded by Plaintiff and specifically to each individual request for production on the grounds that Defendants are both immunized from Plaintiff's claims and not subject to personal jurisdiction in this case. In serving these responses, Defendants expressly reserve, and do not waive, any and all rights, objections, and defenses available to them, including but not limited to, lack of jurisdiction and CDA immunity. Defendants further reiterate that Plaintiff's discovery requests are premature in light of Defendants' pending Motion to Dismiss on dispositive issues of law, which if granted, would obviate the need for any discovery. Defendants object to each of Plaintiff's requests for production on this ground.

Defendants further object to Plaintiff's requests for production as overbroad and not proportional to the needs in this case as they are not limited in time or scope. Defendants' responses, subject to the objections set forth herein and unless explicitly stated otherwise, are limited to the production of documents that are relevant to the claims in Plaintiff's Complaint, and will be produced subject to the entry of the Discovery Orders. Based on our review of the Plaintiff's Complaint, our understanding of the relevant scope of discovery is: information concerning TikTok account(s) that have been identified as registered to Nylah Anderson, including TikTok usernames Nylah123 and Nylah_123, and content relating to recreational self-asphyxiation or the "Blackout Challenge" from the time period between when Nylah Anderson registered for a TikTok account to December 7, 2021 ("Relevant Topics").

Defendants further submit that the complexity of the issues in this case—including requests for highly technical information about the design and operation of the TikTok platform, some of which may be maintained outside of the United States and subject to data protection and privacy

laws—necessitates additional time for the identification, collection, processing, review, and production of electronically-stored information. Future discovery and investigation may supply additional facts or information, add meaning to known facts, and may establish entirely new factual conclusions and contentions, all of which may lead to substantial additions to, changes in, and variations from the responses set forth herein. Accordingly, these responses are made without prejudice to Defendants using or relying on at trial any subsequently discovered information, any evidence not currently known or existing, or information not included in these responses.

These responses are made solely for purposes of this action. Further, in providing the responses to the requests for production of documents below, Defendants do not admit or agree that the information sought or provided are necessarily relevant to the subject matter of this action or proportional to the needs of the case. Defendants reserve all rights to object to the introduction into evidence at trial, or any other proceeding, any information provided in these responses on grounds of competence, relevance, materiality, admissibility, or any other basis.

While preserving these objections, in light of the Court's Order on August 4, 2022 (ECF No. 19), Defendants provide the below responses to Plaintiff's requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All documents related to any TikTok account(s) registered to and/or used by Nylah Anderson or TikTok username Nylah123 or Nylah_123.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendants object to this request as vague, overbroad, and not proportional to the needs of this case to the extent it requests "all documents related to any TikTok account(s)" that were "used by" Nylah Anderson but not registered to Nylah Anderson. Defendants are only able to identify accounts registered to Nylah Anderson based on the usernames provided by Plaintiff. Defendants

3

have no way of identifying whether Nylah Anderson "used" TikTok accounts that were not registered to her. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to the term "related to" as vague and overbroad in failing to specify the scope of Plaintiff's request. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the Stored Communications Act ("SCA") and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, Defendants will produce Basic Subscriber Information for TikTok accounts that have been identified as registered to Nylah Anderson, including TikTok usernames Nylah123 and Nylah_123, from the date of each account's registration through December 7, 2021. Following resolution of the SCA's user-consent requirement, Defendants will also conduct a reasonable search and produce non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics). Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 2**:

All documents related to any TikTok account(s) registered to, used by, and/or associated

with the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Defendants object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent it seeks documents from account(s) that were "registered to, used by, and/or associated with" the identified phone numbers, but that are not accounts registered to Nylah Anderson. Defendants are only able to identify accounts registered to Nylah Anderson based on the usernames provided by Plaintiff. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to the term "related to" as vague and overbroad in failing to specify the scope of Plaintiff's request. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, Defendants will produce Basic Subscriber Information for TikTok accounts that have been identified as registered to Nylah Anderson, including TikTok usernames Nylah123 and Nylah_123, from the date of each account's registration through December 7, 2021. Following resolution of the SCA's user-consent requirement, Defendants will also conduct a reasonable search and produce non-privileged documents which are responsive to

this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 3**:

Documents reflecting all videos shown or appearing on the FYP for Nylah Anderson or TikTok username Nylah123 or Nylah_123.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce non-privileged, relevant videos to the extent that any such information exists and is in Defendants' possession, custody, and control.

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 4**:

Documents reflecting all videos shown or appearing on the FYP for any TikTok account(s) registered to, used by, and/or associated with the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>**:

Defendants object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent it requests documents from account(s) that were "registered to, used by, and/or associated with" the identified phone numbers, but that are not accounts registered to Nylah Anderson. Defendants are only able to identify accounts registered to Nylah Anderson based on the usernames provided by Plaintiff. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce non-privileged, relevant videos to the extent that any such information exists and is in TTI's possession, custody, and control.

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**<u>REQUEST FOR PRODUCTION NO. 5</u>**:

Documents concerning any and all data and/or information collected from or pertaining to Nylah Anderson, TikTok username Nylah123 or Nylah_123, and/or the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5</u>**:

Defendants object to Plaintiff's request for "any and all data and/or information" as duplicative, vague, overbroad, and not proportional to the needs of this case. Defendants further object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent Plaintiff requests "any and all data and/or information collected from or pertaining to" the identified phone numbers related to accounts not registered to Nylah Anderson. Defendants further

object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to producing documents applicable to any of Nylah Anderson's TikTok accounts after her injury on December 7, 2021, as those documents are irrelevant to any claim alleged in this action. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to understand the scope of this request and to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 6**:

All End-User Licensing Agreements in effect at the time any and all data and/or information was collected from or pertaining to Nylah Anderson, TikTok username Nylah123 or Nylah_123, and/or the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Defendants object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent Plaintiff requests End-User Licensing Agreements that are related to accounts and/or phone numbers other than the accounts registered to Nylah Anderson. Defendants are only able to identify accounts registered to Nylah Anderson based on the usernames provided by Plaintiff. Defendants further object to producing End-User Licensing Agreements applicable to

any of Nylah Anderson's TikTok accounts after her injury on December 7, 2021, as those documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to the foregoing objections Defendants agree to conduct a reasonable search and produce the TikTok Terms of Service applicable to TikTok account(s) that have been identified as registered to Nylah Anderson, including TikTok usernames Nylah123 and Nylah_123, from the date of each account's registration through December 7, 2021.

**REQUEST FOR PRODUCTION NO. 7:**

The End-User Licensing Agreement in effect at the time any TikTok account(s) used by and/or associated with the following cell phone numbers were registered: (484) 362-5274; (610) 800-3647; (484) 362-5275.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent Plaintiff requests End-User Licensing Agreements that are not related to accounts registered to Nylah Anderson.

Subject to the foregoing objections, Defendants incorporate their response and objection to Request for Production No. 6.

**REQUEST FOR PRODUCTION NO. 8:**

The End-User Licensing Agreement in effect at the time TikTok accounts were created and/or registered for Nylah Anderson and/or TikTok usernames Nylah123 or Nylah_123.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In response to this request, Defendants incorporate their response and objection to Request

for Production No. 6.

**REQUEST FOR PRODUCTION NO. 9**:

Documents identifying all data and/or information obtained from users by the TikTok Defendants and/or The App during subscription, enrollment, and account creation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

Defendants object to this request as vague as "subscription, enrollment, and account creation" are undefined and ambiguous. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants object to this request as overboard and not relevant or proportional to the needs of this case in that it seeks information regarding "users" whose use of TikTok is not at issue in this action. Defendants do not agree to search for documents concerning users other than Nylah Anderson. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. See 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants direct Plaintiff to the TikTok Privacy Policy, which is available at tiktok.com/legal/privacy-policy-us?lang=en.

**REQUEST FOR PRODUCTION NO. 10**:

All documents identifying the tools and/or services used to extract data and information from the TikTok platform into data analysis tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

TTI Defendants object on the basis that this request seeks documents regarding "tools" and "services" that are vague, not relevant, and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. For instance, no claim or defense relates to "extract[ing] data and information from the TikTok platform into data analysis tools"; rather, the claims in the suit all relate to supposed content Plaintiff alleges appeared on TikTok. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information relating to TTI's tools or services concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 11**:

The TikTok Defendants' content delivery network ("CDN"), network architecture diagram, and/or documents related to the TikTok Defendants' content distribution architecture for The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

Defendants object to this request as not relevant to a claim or defense nor proportional to the needs of the case. None of the allegations in the Complaint relate to the content delivery network(s) or network architecture. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before

Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information relating to Defendants' content delivery network and content distribution architecture concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 12**:

All documents related to or reflecting terminologies and/or definitions used by the TikTok Defendants and/or The App for its architectural platform and/or code.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

Defendants object to this request as not relevant or proportional to the needs of this case in that it seeks documents relating to Defendants' content delivery network and content distribution architecture that are not relevant to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 13**:

All documents identifying, describing, or related to all application programming interfaces ("APIs") to other social media applications for The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

Defendants object to this request because it seeks documents relating to "application programming interfaces," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. For instance, none of the allegations in the complaint relate to the integration of TikTok with any APIs or with other "social media" applications. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 14**:

All data and information collected by The App and/or the TikTok Defendants from other social media applications pertaining to Nylah Anderson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Defendants object to Plaintiff's request for "all data and information" as duplicative, vague, overbroad, and not proportional to the needs of this case. Defendants further object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent Plaintiff

requests "all data and information collected by the App" or Defendants, which is not limited to accounts registered to Nylah Anderson. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to producing documents applicable to any of Nylah Anderson's TikTok accounts after December 7, 2021, as those documents are irrelevant to any claim alleged in this action. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to understand the scope of this request and to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 15**:

Documents reflecting all data and/or information the TikTok Defendants and/or The App shares with other social media applications or platforms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Defendants object to this request as vague, overbroad, not relevant, and not proportional to the needs of this case in that it seeks documents relating to "data and/or information" shared "with other social media applications or platforms," which are not related to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work

product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 16**:

Documents identifying engagement statistics utilized by the TikTok Defendants' data analysts, data scientists, marketing departments and/or sales departments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to or reflecting engagement statistics either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent

requirement, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 17**:

Documents identifying or relating to the procedures used by the TikTok Defendants and/or The App to validate information or data obtained during user subscription and/or enrollment during account creation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Defendants object to this request as vague as "subscription", "enrollment", and "account creation" are undefined and ambiguous. Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to procedures applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and

relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 18**:

Documents identifying or relating to the procedures used by the TikTok Defendants and/or The App to validate the information or data originally obtained during user subscription and/or enrollment, during account use to ensure the continued validity of said information or data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to procedures applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 19**:

All documents that describe and/or relate to how personalized content is delivered to each user's FYP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**:

Defendants object to this request as vague as "personalized content" is undefined and ambiguous. Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to procedures applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce non-privileged, relevant documents if found, to the extent that any such documents exists and are in TTI's possession, custody, and control.

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 20**:

All documents that describe and/or relate to how personalized content is delivered to each user with and without search initiation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to processes applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning every "user" of TikTok. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 21**:

Documents identifying or relating to all fields and/or data elements collected associated with user demographic information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to processes applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning every "user" of TikTok. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

Defendants are willing to meet and confer with Plaintiff to understand the scope of this request and to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 22**:

Documents identifying or relating to all fields and/or data elements collected on user interest characteristics.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Defendants object to this request as vague as "fields and/or data elements collected on user interest characteristics" is undefined and ambiguous. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to processes applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents associated with Nylah Anderson's interest characteristics, collected from TikTok account(s) that have been identified as registered to Nylah Anderson, including TikTok usernames Nylah123 and Nylah_123, from the date Nylah Anderson registered her first TikTok account through December 7, 2021.

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 23**:

Documents identifying all licensed and proprietary tools used by the TikTok Defendants' data scientists and/or data professionals and/or marketing analysts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

Defendants object to this request as vague as "tools" is undefined and ambiguous. Defendants further object to this request because it seeks documents regarding "licensed and proprietary tools" that are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 24**:

All user behavior algorithms utilized by the TikTok Defendants and/or The App in effect prior to December 8, 2021, or documents reflecting, describing, or related to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

Defendants object to this request because the term "user behavior algorithms" is vague and not relevant or proportional to the needs of this case in that it seeks proprietary and confidential business technology that are not relevant to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 25**:

All marketing algorithms and/or analyses utilized by the TikTok Defendants and/or The App in effect prior to December 8, 2021, or documents reflecting, describing, or related to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**:

Defendants object to this request because the terms "marketing algorithms and/or analyses"

and "utilized" are vague, undefined, and not proportional to the needs of this case in that they seeks proprietary and confidential business technology that are not relevant to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" marketing algorithms and/or analyses imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 26**:

All recommendation algorithms utilized by the TikTok Defendants and/or The App in effect prior to December 8, 2021 which play any role in recommending or sending videos to users without search initiation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**:

Defendants object to this request as vague as "play any role" is undefined and ambiguous. Defendants object to this request in that it seeks proprietary and confidential business technology. Defendants further object to this request as not relevant to the extent it seeks documents and algorithms from any period of time before Nylah Anderson's registration for a TikTok account. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all recommendation algorithms" imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 27**:

Any global algorithms used to construct any type of hierarchical interest label set based on the theme of contents, and calculated based on the relevant degree of each interest label in the set.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**:

Defendants object to this request because the term "global algorithms" is vague and not proportional to the needs of this case in that it seeks proprietary and confidential business technology that are not relevant to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object to this request as vague as "hierarchical interest label" is undefined and ambiguous. Defendants further object to this request as not relevant to the extent it seeks documents and algorithms from any period of time before Nylah Anderson's registration for a TikTok account. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "any global algorithms" imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 28**:

All documents identifying and/or describing any and all distinct algorithms utilized by the TikTok Defendants and/or The App which in any way utilize or rely upon data and information obtained from the user.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**:

Defendants object to this request as vague, overbroad, burdensome, and not proportional to the needs of this case to the extent it requests "any and all distinct algorithms" that are not related to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. TTI also objects to this

request as vague as "in any way utilize or rely upon data and information" is undefined and ambiguous. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 29**:

Documents identifying, describing, and/or relating to all tools, software, code, and/or algorithms used by the TikTok Defendants and/or The App to analyze and/or categorize the visual elements of videos uploaded by users, including but not limited to all computer vision technology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Defendants object to this request as vague because the referenced "tools, software, code, and/or algorithms" are undefined and ambiguous. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to processes applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Defendants are willing to meet and confer with Plaintiff to understand the relevance and

basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 30**:

Documents identifying, describing, and/or relating to all tools, software, code, and/or algorithms used by the TikTok Defendants and/or The App to analyze, categorize, or create a transcript of the audio in videos uploaded by users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks producing documents related to processes applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. In addition, the Request is not relevant to a claim or defense to the extent it seeks information about audible fingerprinting to match audio in user-generated content to copyrighted works. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 31**:

Documents identifying, describing, and/or relating to all tools, software, code, and/or algorithms used by the TikTok Defendants and/or The App to analyze and/or categorize the meta data associated with videos uploaded by users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**:

Defendants object to this request as vague because the referenced "tools, software, code, and/or algorithms" are undefined and ambiguous. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents related to processes applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 32**:

All audience prediction algorithms and/or any algorithm used by the TikTok Defendants and/or The App to predict or decide target audience demographics for videos uploaded by users based upon the content of said video.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**:

Defendants object to this request because Plaintiff's request for "audience prediction algorithms" is vague and not proportional to the needs of this case in that it seeks proprietary and confidential business technology. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks algorithms from any period of time either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury

on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 33**:

Documents identifying all algorithms used by the TikTok Defendants and/or The App which are in any way involved in determining which videos appear on a user's FYP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks algorithms from any period of time either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 34**:

All algorithm content flowcharts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

Defendants object because the request for "all algorithm flowcharts" is overbroad,

burdensome, vague, and not relevant or proportional to the needs of this case in that it seeks documents that are not related to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 35**:

All documents discussing, describing, or related to any type of performance rating or rating assigned to videos uploaded by users, including but not limited to those involving ratings related to rewatch rate, completion rate, shares, comments, and/or likes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents concerning ratings applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Subject to the foregoing objections, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents, to the extent

that any such documents exists and are in TTI's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 36**:

All performance ratings or scores assigned to all videos uploaded and/or viewed by Nylah Anderson, TikTok username Nylah123 or Nylah_123, and/or the following cell phone numbers: (484) 362-5274; (610) 800-3647; (484) 362-5275.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks documents concerning ratings applicable to TikTok accounts either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent Plaintiff requests documents that are not related to accounts registered to Nylah Anderson. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents sufficient to show ratings or scores assigned to videos uploaded and/or viewed by Nylah Anderson on accounts registered to her, including usernames Nylah123 or Nylah_123, from the date Nylah Anderson registered her first TikTok account through December 7, 2021.

Defendants are willing to meet and confer with Plaintiff to confirm necessary permissions to produce documents subject to the SCA.

**REQUEST FOR PRODUCTION NO. 37**:

All documents discussing, describing, or relating to any type of recommendation ranking system or algorithm utilized by the TikTok Defendants and/or The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**:

Defendants object to this request for "documents discussing, describing, or relating to any type of recommendation ranking system or algorithm," as vague, not relevant, and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to the term "relating to" as vague and overbroad in failing to specify the scope of Plaintiff's request. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 38**:

Documents identifying the data and/or information collected from users during each use of The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**:

Defendants object to this request as overbroad, irrelevant, and not proportional to the needs of this case to the extent Plaintiff requests documents identifying data or information from "users during each use of the App", which is not limited to accounts registered to Nylah Anderson.

Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to producing documents applicable to any of Nylah Anderson's TikTok accounts after December 7, 2021, as those documents are irrelevant to any claim alleged in this action. Defendants further object to this request to the extent it seeks the production of contents of communications maintained by Defendants, which are protected by the SCA and which prohibits Defendants from "knowingly divulg[ing]" the contents of communications subject to certain exceptions. *See* 18 U.S.C. § 2702(a), (b).

Subject to the foregoing objections, and following resolution of the SCA's user-consent requirement, Defendants direct Plaintiff to the TikTok Privacy Policy, which is available at tiktok.com/legal/privacy-policy-us?lang=en.

**REQUEST FOR PRODUCTION NO. 39**:

All documents related to any type of automated age verification tools or systems used by the TikTok Defendants and/or The App which are applied to or used in conjunction with videos uploaded by users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Subject to the foregoing objections, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

**REQUEST FOR PRODUCTION NO. 40**:

Documents describing or relating to any analysis the TikTok Defendants perform on their algorithm outputs for purposes of improving said algorithms and/or analyzing market strengths.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**:

Defendants object to Plaintiff's request for "analysis" performed by TTI on "algorithm outputs" as vague and overbroad. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 41**:

All documents related to any performance evaluation or review process pertaining to The App and/or its associated algorithms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**:

Defendants object because Plaintiff's request for documents "related to any performance evaluation or review process" is vague and overbroad. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's

injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 42**:

All documents related to the frequency at which the performance of The App and/or its associated algorithms is reviewed and/or evaluated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**:

Defendants object because Plaintiff's request for documents "related to" "the performance of The App and/or its associated algorithms" is vague and overbroad. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

34

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 43**:

The metrics by which the TikTok Defendants review and/or evaluate The App and/or its associated algorithms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**:

Defendants object because Plaintiff's request for "metrics" that TTI uses to "review and/or evaluate The App and/or its associated algorithms" is vague and overbroad. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 44**:

All internal performance evaluation or review reports pertaining to The App and/or its associated algorithms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**:

Defendants object to Plaintiff's request for "all internal performance evaluation or review reports pertaining to the App and/or its associated algorithms" as vague and overbroad. Defendants further object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok

account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 45**:

All documents regarding or related to the ability or inability of the TikTok Defendants and/or The App to automatically remove videos deemed to be dangerous, unsafe, or otherwise contain inappropriate or illegal content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**:

Defendants object to this request because it seeks documents "regarding or related to the ability or inability of [TTI] to automatically remove videos," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a preliminary matter, Plaintiff's Complaint, which is based on claims about content moderation are explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much by attempting to disclaim certain allegations in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client

privilege and/or work product doctrine. Defendants further object to the term "related to" as vague and overbroad in failing to specify the scope of Plaintiff's request. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 46**:

All documents related to any performance review or evaluation pertaining to the TikTok Defendants' and/or The App's automatic removal of any videos deemed to be dangerous, unsafe, or otherwise contain inappropriate or illegal content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**:

Defendants object to this request in that it seeks documents "related to any performance review or evaluation" of "automatic removal" of certain videos, which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a threshold matter, any claims based on content moderation are explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much and attempted to disclaim allegations asserted in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to the term "related to" as vague and overbroad in failing to

specify the scope of Plaintiff's request. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 47**:

All documents identifying any and all data points collected, used, and/or considered by The App and its associated algorithms when determining the content to show users on their FYP.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it seeks algorithms from any period of time either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning "all documents" or all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 48**:

All documents concerning or related to any type of facial recognition system or technology used by the TikTok Defendants and/or the App, including but not limited to those that identify any such system or technology, how it works, and/or the purpose of its use by or with The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants object to this request because it seeks documents regarding "any type of facial recognition system or technology" that are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request.

**REQUEST FOR PRODUCTION NO. 49**:

All documents, communications, notes, meeting minutes, or memoranda discussing or referencing videos involving asphyxiation of self or others, by any means, being disseminated and/or spreading on The App prior to December 8, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate

to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Subject to the foregoing objections, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

**REQUEST FOR PRODUCTION NO. 50**:

All policies, procedures, and/or protocols regarding any type of system by which videos on The App are automatically removed from The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**:

Defendants object to this request because it seeks documents "regarding any type of system by which videos on The App are automatically removed," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a preliminary matter, Plaintiff's Complaint, which is based on claims about content moderation, is explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much by attempting to disclaim certain allegations asserted in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

40

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 51**:

All policies, procedures, and/or protocols regarding any type of system by which warnings or caution statements are added to users' videos by the TikTok Defendants or any automated system or algorithm associated with The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**:

Defendants object to this request because it seeks documents "regarding any type of system by which warnings or caution statements are added to users' videos," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Moreover, any claims based on content moderation are explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much by specifically disclaiming allegations she previously asserted relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 52**:

All documents, communications, notes, memoranda, policies, procedures, and/or protocols regarding the classification of videos on The App as dangerous, unsafe, or anything similar.

41

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Subject to the foregoing objections, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

**REQUEST FOR PRODUCTION NO. 53**:

All policies, procedures, and/or protocols regarding content moderation on The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**:

Defendants object to this request because it seeks documents "regarding content moderation," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a preliminary matter, Plaintiff's Complaint, which is based on claims about content moderation, is explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much by attempting to disclaim allegations asserted in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to

42

producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 54**:

All content moderation algorithms used by or associated with The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**:

Defendants object to this request because it seeks "content moderation algorithms," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a preliminary matter, Plaintiff's Complaint, which is based on claims about content moderation, is explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much and attempted to disclaim allegations asserted in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

43

Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 55**:

Documents reflecting or describing the total number of employees, workers, and/or agents performing content moderation functions for The App from September 1, 2017 through December 7, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**:

Defendants object to this request because it seeks information about TTI's employees "performing content moderation functions," which is not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a preliminary matter, Plaintiff's Complaint, which is based on claims about content moderation, is explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much and attempted to disclaim allegations asserted in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 56**:

All documents related the circumstances under which any content moderator(s) must remove content from The App.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**:

Defendants object to this request because it seeks documents related to "content moderator(s)," which are not relevant and not proportional to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. As a preliminary matter, Plaintiff's Complaint, which is based on claims about content moderation, is explicitly barred by the CDA. *See* ECF No. 12. Indeed, Plaintiff has recognized as much and attempted to disclaim allegations asserted in the Complaint relating to Defendants' content moderation. *See* ECF No. 22 (arguing that the Court "may strike any such factual allegations . . . concerning Defendants' failure to remove the Blackout Challenge video or prevent it from being posted in the first place."). Defendants object to producing any documents in response to this request pending the Court's ruling on Defendants' Motion to Dismiss. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants are willing to meet and confer with Plaintiff to understand the relevance and basis for the breadth of this request given Plaintiff's response to Defendants' Motion to Dismiss.

**REQUEST FOR PRODUCTION NO. 57**:

All documents, correspondence, memoranda, brochures, marketing materials, and/or notes stating or describing the proper and improper use or intended use of The App authored by or originating from the TikTok Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**:

Defendants object to this request because it is not limited by date range and thus is overbroad. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Subject to the foregoing objections, Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents sufficient to identify the uses of the TikTok application from the date Nylah Anderson registered her first TikTok account through December 7, 2021.

**REQUEST FOR PRODUCTION NO. 58**:

All warnings provided to users of The App from September 1, 2017 through December 7, 2021 through The App or any other source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**:

Defendants object to this request because the term "warnings" is vague and overbroad. Defendants do not understand the scope of Plaintiff's intended request. To the extent it requests documents from either before Nylah Anderson's registration for a TikTok account or after Nylah Anderson's injury on December 7, 2021; such documents are irrelevant to any claim alleged in this action. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks information concerning all TikTok users. Defendants further object on the basis that this request seeks information protected from disclosure by the attorney-client privilege and/or

work product doctrine. Defendants further object on the basis that the request for "all" documents imposes an unreasonable burden on Defendants to undertake a search for documents that is disproportionate to the needs of this case.

Defendants agree to conduct a reasonable search and produce if found, and to the extent reasonably available, non-privileged documents which are responsive to this request and relevant to the asserted claims (*See* Relevant Topics).

**REQUEST FOR PRODUCTION NO. 59**:

Copies of all United States and International patents related to the TikTok App and its associated algorithms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59**:

Defendants object on the basis that this request seeks patents that are not relevant to Plaintiff's claims about Nylah Anderson's use of TikTok or her death. Defendants further object to reproducing materials that are equally available to Plaintiff through a search of publicly available documents.

Dated: September 2, 2022

Respectfully submitted,

/s/*Joseph E. O'Neil*
Joseph E. O'Neil
Katherine A. Wang
**CAMPBELL CONROY & O'NEIL, PC**
100 N. 18th Street, Suite 300
Philadelphia, PA 19103
Telephone: (215) 564-0160
Facsimile: (610) 964-1981

Albert Giang (*Pro Hac Vice*)
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Geoffrey M. Drake (*Pro Hac Vice*)
TaCara D. Harris (*Pro Hac Vice*)

**KING & SPALDING LLP**
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

*Counsel for TikTok Inc. and ByteDance Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2022, the foregoing was served via e-mail to the following counsel of record:

Robert J. Mongeluzzi
Jeffrey P. Goodman
Samuel B. Dordick
Rayna McCarthy
**SALTZ MONGELUZZI & BENDESKY P.C.**
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, Pennsylvania 19103
rmongeluzzi@smbb.com
jgoodman@smbb.com
sdordick@smbb.com
rmccarthy@smbb.com

*Counsel for Plaintiff*

Mark A. DiCello
**DiCELLO LEVITT GUTZLER LLC**
7556 Mentor Avenue
Western Reserve
Law Building
Mentor, OH 44060
madicello@dicellolevitt.com

*Counsel for Plaintiff*

/s/ *Joseph E. O'Neil*